HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD JOHNS,

        Plaintiff,

        v.

misty blue, inc., AN Alaska corporation, In Personam; F/V MISTY BLUE, Official No. 668040, In Rem,

        Defendants.

Case No. C03-5065 RBL

ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL

This matter is before the Court on Remand from the Ninth Circuit.  The Ninth Circuit's Memorandum Opinion reversed the Court's denial of Plaintiff's "Motion for a new trial, j.n.o.v." [Dkt. # 76] on the ground that the Court's Order [Dkt. #83] denying the same did not reflect that the trial court weighed the evidence.

As the Ninth Circuit stated, the standards for these motions differ.  In reviewing a Motion for a Judgment Notwithstanding the Verdict, the Court is obliged to review all evidence in the light most favorable to the prevailing party. If the verdict is supported by substantial evidence, the Motion must be denied.

In reviewing a motion for a new trial based on the insufficiency of the evidence, on the other hand, the court must weigh the evidence:

> A district court may grant a motion for a new trial based on the insufficiency of the evidence only if the verdict "is against the 'great weight' of the evidence or 'it is quite clear that the jury has reached a seriously erroneous result.'
>
> We will reverse the denial of a motion for new trial based on the insufficiency of the evidence only if the district court made a legal error in applying the standard for a new trial or if the record contains no evidence in support of the verdict.

ORDER
Page - 1

*Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1189 (9th Cir. 2002)

> The existence of substantial evidence does not, however, prevent the court from granting a motion for a new trial pursuant to Fed.R.Civ. P. 59 if the verdict is against the clear weight of the evidence. The court's power is clear in this regard; the discretion it should use in exercising this power is not. The judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party.

> But after weighing the evidence, the trial judge faces a difficult task:
> It may be doubted whether there is any verbal formula that will be of much use to trial courts in passing on motions [for a new trial on the grounds that the verdict is against the clear weight of the evidence]. Necessarily all such formulations are couched in broad and general terms that furnish no unerring litmus for a particular case. On the one hand, the trial judge does not sit to approve miscarriages of justice. His power to set aside the verdict is supported by clear precedent at common law and, far from being a denigration or a usurpation of jury trial, has long been regarded as an integral part of trial by jury as we know it. On the other hand, a decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter. Probably all that the judge can do is to balance these conflicting principles in the light of the facts of the particular case. If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial.

*Landis Constr. vs. Royal Bank of Scotland*, 833 F.2d 1365, 1371 (9th Cir. 1987).

Plaintiff's "Motion for a new trial, j.n.o.v.," devoted 13 pages to the claim, rejected by this Court and the Ninth Circuit, that Defense counsel had engaged in misconduct warranting a new trial by claiming that the case was "manufactured." Plaintiff also sought a new trial, arguing that weight of the evidence did not support the jury's verdict that the Misty Blue was seaworthy.

The overwhelming weight of the evidence was that the Misty Blue was seaworthy. The leak in the fresh water pump connection was due to improper priming, which was (despite his assertion to the contrary) the Plaintiff's responsibility. The verdict was not against the weight of the evidence. The court does not have doubts about the jury's verdict on this point, and cannot say that it was a miscarriage of justice. The court does not have any, much less a definite and firm, conviction that a mistake was made.

For these reasons, the Plaintiff's Motion for a New Trial [Dkt. #76] is DENIED.

DATED this 9th day of December, 2005

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE